## 13979. BRANNON *v.* THE STATE.

It was error to exclude testimony as to threats of the person shot, made some hours before the shooting, that he would shoot " somebody " before morning, and was going to kill " some God damned man " before morning, though it did not appear that the threats were communicated to the defendant.

It was error to exclude testimony that just before the shooting the person shot was fighting his wife and his daughter, and was beating and threatening his wife, who, as appeared from other testimony, called the defendant to her assistance.

DECIDED DECEMBER 13, 1922.

Indictment for assault with intent to murder; from Floyd superior court — Judge Wright. September 23, 1922.

Brannon shot Jule Martin, and was convicted of the offense of shooting at another. It was testified that Martin and his wife had a difficulty, and that on Tuesday before the Saturday night of the shooting she went to Mrs. Bowen's house and remained there with her children; that on Saturday night, after drinking several glasses of whisky, Martin went to the house where his wife and children were and made a disturbance; that his wife's mother left the house, and he ran out behind her, cursing; that his wife went into the street, screaming, and begged the defendant, whose store and home were next door, to come and help her; that the defendant went to Ridley's house near-by, to use a telephone and " call up for the law," and was on Ridley's porch, knocking and shaking the door, when Martin threatened to kill him. According to some of the testimony Martin threw a rock or brick at him. They were then at a distance from each other estimated at from 35 or 40 yards to about 75 yards. The defendant, while on Ridley's porch, shot Martin with a shotgun, loaded with number 7 or 8 birdshot. Martin, in his testimony, denied that he made any threats to the defendant, but said: " I told Mr. Brannon to keep his mouth out of my business and to attend to his business.'" Another witness

testified that just before the shooting he heard Martin call to some one, " You shut your mouth and keep your damned lip out of it; you are the cause of that woman treating me that way." The defendant, in his statement at the trial, said that Martin threatened to knock his brains out with a rock, and to shoot his " God damned black heart out," if he shook Ridley's screen-door again, and that Martin came towards him, with right hand in hip-pocket, after he (the defendant) had quit shaking the door, and that he then shot at Martin.

The court ruled out testimony of witnesses for the defendant that about two or three hours before the shooting occurred Martin said he was " going to shoot somebody before morning," and that he was going to kill " some God-damned man before morning." In grounds 1 and 2 of the amendment to the motion for a new trial it was contended that this testimony was admissible to show the state of mind and feeling of Martin, and to throw light upon his intention and conduct, at the time of the shooting, and show that he was the aggressor.

For the reasons just stated, and for the reason that it was a part of the res gestæ, it was contended in the next ground of the motion that the court erred in ruling out the following testimony of Mrs. Bowen: " We tried to get him (Jule Martin) out, and we couldn't on good terms. He was fighting his wife and daughter. Lula and Charlie ran in to help the mother." For the first reason stated and for the additional reason that it was competent to show why the defendant was called to the house where Jule Martin's wife was, it was contended in ground 4 that the court erred in ruling out testimony of Flora Bowen, as follows: " He (Jule Martin) just come down there to the house and told Mrs. Martin if she didn't get out that he would knock the window lights out, and he was beating Mrs. Martin and started to throw the lamp at her. He (Jule Martin) went on out the door to kill Mrs. Martin's brother."

*Porter & Mebane,* for plaintiff in error, cited: *Harris* v. *State,* 109 *Ga.* 280; *Warrick* v. *State,* 125 *Ga.* 133; *Keener* v. *State,* 18 *Ga.* 194, 228; *May* v. *State,* 90 *Ga.* 793; *McKinley* v. *Carmack,* 119 *Ga.* 467; 4 Elliott, Evidence, 3041.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra, cited: *Trice* v. *State,* 89 *Ga.* 742 (2).

BROYLES, C. J. Under all the particular facts of the case, the court erred in excluding evidence, on the grounds stated, as complained of in grounds 1 and 4 (inclusive) of the amendment to the motion for a new trial. The case was a very close one upon the facts, and the rejected evidence, added to the evidence admitted, might have caused the jury to acquit the defendant. Another trial of the case therefore is required. In view of this ruling it is unnecessary to consider the grounds of the motion for a new trial based upon alleged newly discovered evidence. .

    *Judgment reversed. Luke and Bloodworth, JJ., concur.*